IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | **CRIMINAL NO. 6:18-CR-153-ADA** |
| § | |
| **NICHOLAS DEWAYNE TREJO** § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.   PROCEDURAL BACKGROUND

The defendant was convicted of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court sentenced the defendant to twenty-seven (27) months imprisonment; three years of supervised release; a $100.00 special assessment; and a $500.00 fine. Defendant was released to supervision on March 21, 2024. On March 4, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under

1

Supervision, alleging the defendant violated the terms of his supervision and seeking a show-cause hearing as to why the defendant's supervision should not be revoked. The amended petition alleges the defendant violated the terms of his supervision in the following instances:

**Violation Number 1**: **Nature of Non-Compliance**: The defendant violated Mandatory Condition Number 1, in that he committed a new crime, in that on February 22, 2025, Mr. Trejo was arrested for Driving While License Invalid With Previous Conviction, a Class B Misdemeanor, in violation of Texas Transportation Code 521.457; Possession of a Dangerous Drug, a Class A Misdemeanor, in violation of Texas Health and Safety Code 483.041(d); and Driving While Intoxicated, a Class B Misdemeanor, in violation of Texas Penal Code 49.04.

**Violation Number 2:** **Nature of Non-Compliance**: The defendant violated Mandatory Conditions Number 2 and 3, in that he unlawfully possessed and used a controlled substance, in that on October 4, 2024, Mr. Trejo submitted a urine specimen which tested positive for cocaine.

**Violation Number 3:** **Nature of Non-Compliance**: The defendant violated Standard Condition Number 7, in that he failed to work full-time at a lawful type of employment.

**Violation Number 4:** Nature of Non-Compliance: The defendant violated Standard Condition Number 9, in that he failed to notify the probation officer within 72 hours of being arrested or questioned by law enforcement.

**Violation Number 5:** **Nature of Non-Compliance**: The defendant violated Standard Condition Number 13, in that he has failed to follow the instructions of the probation officer related to the conditions of supervision, in that he has failed to seek employment, maintain a job search log, submit a job search log weekly, seek medical attention or provide medical documentation.

**Violation Number 6:** **Nature of Non-Compliance**: The defendant violated the conditions for criminal monetary fees in that he has failed to pay a $500.00 fine.

At the hearing, the defendant pleaded no contest to violation 1. He pleaded true to the remaining violations. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to all the violations.

## II.   FINDINGS OF THE COURT

1. The defendant violated the conditions of his supervision as alleged in the petition.

2. The defendant was competent to make the decision to enter a plea to the allegations.

3. The defendant had both a factual and rational understanding of the proceedings against him.

4. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The defendant understood his statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be revoked and that he be

remanded to the custody of the U.S. Marshal for eighteen months, with no supervised release to follow. The defendant should receive credit for time served since his arrest on March 7, 2025.

### IV.  **WARNINGS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of March 2025.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE